**Daniel CANALES–ORTIZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70760.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 27, 2007.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Douglas E. Ginsburg, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Daniel Canales–Ortiz, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals affirming without opinion an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ramos v. INS,* 246 F.3d 1264, 1266 (9th Cir.2001), we deny the petition for review.

Providing false testimony with the intent to deceive for the purpose of obtaining an immigration benefit bars a person from possessing the good moral character required to be eligible for cancellation of removal. *See* 8 U.S.C. § 1101(f)(6); *Ramos,* 246 F.3d at 1266. Canales–Ortiz falsely testified multiple times that he had left the country only once after his initial entry. *See Kungys v. U.S.,* 485 U.S. 759, 780, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988) (holding there is no materiality requirement for false testimony). The record does not compel reversal of the IJ's finding that Canales–Ortiz intended to deceive

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the court to obtain relief from removal. *Cf. id.* (explaining that misrepresentation due to embarrassment, fear, or desire for privacy would lack the intent required by section 1101(f)(6)); *U.S. v. Hovsepian,* 422 F.3d 883, 887–88 (9th Cir.2005) (en banc) (affirming that petitioners lacked intent to deceive where inaccuracies resulted from faulty memory, mistake, or vague questioning).

We need not reach Canales–Ortiz's contention regarding hardship.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.